IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                                                                          No. 1:23-CR-00032-WJ

**OCTAVIO JIMENEZ-MARQUEZ**,

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' REQUEST TO REFERENCE DEFENDANT'S OTHER BAD ACTS

**THIS MATTER** is before the Court on the United States' Fed. R. Crim. P. 404(b) Notice (**Doc. 77**). In its Rule 404(b) Notice, the United States seeks a pretrial ruling on the admissibility of text messages from December 30, 2021, to January 5, 2022, relating to Defendant's past drug trafficking activities and firearm possession. In his response, Defense Counsel stated that, subject to the United States laying a proper foundation for the cell phone, the evidence contained on the cell phone related to other involvement in illicit drugs and firearms and his knowledge of his immigration status appear to meet the requirements for admissibility under Rule 404(b). **Doc. 106 at 2–3**. However, Defendant objects to the admission of images on the cell phone depicting an individual with gunshot wounds to his thigh. *Id.* **at 3**. After considering the parties' motions, responses, and oral arguments from the pretrial conference on April 8, 2024, the Court **GRANTS** in part and **DENIES** in part the United States' request to reference Defendant's other bad acts. **(Doc. 77).**

### BACKGROUND

On January 30, 2022, Albuquerque Police Department (APD) was dispatched to a residence in northwest Albuquerque to take a report of a stolen 2022 black Dodge Ram truck. Eventually,

the GPS onboard the Ram truck was activated and alerted officers of its location. On February 22, 2022, officers recovered the truck in the possession of Defendant Jimenez-Marquez. Defendant told law enforcement that he borrowed the truck from Taz the morning of February 22, 2022, to help his mother move items from her residence.

APD Officers then conducted an inventory of the Ram truck before it was to be towed. During the inventory officers found a large clear plastic bag containing a crystal-like substance underneath the driver seat as well as an unloaded Colt King Cobra .357 firearm (serial # KC9868). The crystal-like substance later tested positive for the presence of methamphetamine and had an approximate weight of 483.5 grams. Officers also located a loaded Century Arms AK style rifle (serial # AB2-C100235) on the front passenger floorboard and another large clear plastic bag containing a crystal-like substance in the vehicle. This substance also tested positive for the presence of methamphetamine and had a weight of 455 gross grams.

As a result of these events, the United States charged Defendant with possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); possession of a firearm knowing that he was an illegal alien in violation of 18 U.S.C. § 922(g)(5) and 924; and possession of a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1)(A)(i). **Doc. 72**. The United States also charged Defendant with escape in violation of 18 U.S.C. § 751(a). *Id.*

## DISCUSSION

**I.**     **Relevant Law:**

The introduction of evidence of other acts is governed by Fed. R. Evid. 404(b) and the factors set forth in *Huddleston v. United States*, 485 U.S. 681 (1988). Rule 404(b) provides:

> (1) Prohibited Uses: Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

>  (2) Permitted Uses: This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Four factors govern the admissibility of evidence of other acts under Rule 404(b): (1) the evidence must be offered for a proper purpose under Rule 404(b); (2) the evidence must be relevant under Rule 401; (3) the probative value of the evidence must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) upon request, the trial court must instruct the jury pursuant to Rule 105 that the other-acts evidence is to be considered only for the proper purpose for which it was admitted. *United States v. Moran*, 503 F.3d 1135, 1143–44 (10th Cir. 2007) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988)).

Rule 404(b) is considered an inclusive rule, admitting all evidence of other crimes or act except that which tends to prove only criminal disposition. *United States v. Tan,* 254 F.3d 1204, 1208 (10th Cir.2001). That is, such evidence may be admissible under Rule 404(b) as long as it tends to prove something other than criminal propensity. *Id.*

Under Rule 403, the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

**II.    Analysis:**

In its Rule 404(b) Notice, the United States seeks a pretrial ruling on the admissibility of the following exhibits.

- Exhibit 1: text messages where Defendant self-identifies as Tavo;
- Exhibits 2 a–b: selfies of Defendant;
- Exhibits 2 c–d: family photos of Defendant;

- Exhibits 3a–b: image taken by the cellphone demonstrating that Defendant hit a jackpot at Sandia Casino on January 2, 2023, and bear the name and address of Defendant;

- Exhibits 4 – 6: text messages discussing trafficking illegal narcotics;

- Exhibit 7: image taken by the cell phone of a firearm;

- Exhibits 8a–b: images of an individual (not Defendant) with gunshot wounds to his thigh;

- Exhibit 9: text messages discussing guns and straps; and

- Jail Calls from December 10, 2022, to May 24, 2023.

**Doc. 77 at 2**.

Defense Counsel concedes that Exhibits 1–7 and 9 are admissible under Rules 401, 404(b), and 403 so long as the United States lays a proper foundation for the cell phone. **Doc. 106 at 2**. The Court agrees that these exhibits, specifically Exhibits 4–7 and 9, are proper 404(b) evidence.[1] These exhibits are offered for a proper purpose – to show motive, intent, knowledge, and lack of accident. Additionally, because these exhibits are directly relevant to elements of the charged offenses, their probative value is extremely high and not substantially outweighed by the danger of unfair prejudice. Accordingly, the Court will admit these exhibits under Rule 404(b) if the United States lays a proper foundation for the cell phone.

Such a conclusion is supported by Tenth Circuit case law. The Tenth Circuit has time and again held that past drug-related activity is admissible other-acts evidence under Rule 404(b) to prove, *inter alia*, that the defendant had the knowledge or intent necessary to commit the crimes charged. *See United States v. Watson*, 766 F.3d 1219, 1237 (10th Cir. 2014) (collecting cases); *United States v. Esquivel-Rios*, 725 F.3d 1231, 1240 (10th Cir. 2013) (affirming district court's

---

[1] The Court anticipates that the United States will offer Exhibits 1–3 to establish that the cell phone belonged to Defendant.

4

decision that evidence of the defendant's prior drug deals was relevant and admissible for a proper purpose—to show his knowledge of drugs and his intent to distribute them). The same can be said of evidence of a defendant's past firearm possession. *See Moran*, 503 F.3d at 1144 ("[D]efendant's prior acts of weapon possession are relevant for the proper purposes of demonstrating that the charge act of firearm possession was knowingly undertaken."); *United States v. Benford*, 875 F.3d 1007, 1012 (10th Cir. 2017) (affirming district court's decision to admit defendant's past text messages indicating he had firearms to trade for the proper purpose of proving knowledge in felon in possession case).

While Defendant does not oppose the admission of Exhibits 1–7 and 9 (subject to proper foundation for the cell phone), he does oppose the admission of Exhibits 8 a–b. **Doc. 106 at 3**. Defendant argues that these exhibits which depict an individual with gunshot wounds to his thigh are not admissible under Rule 404(b) because these exhibits are not relevant for a proper purpose and their probative value is substantially outweighed by their danger for unfair prejudice. *Id.* **at 4**. On the other hand, the United States argues that these images are offered to show Defendant's motive for possessing a firearm.

The Court agrees with Defendant that any probative value these images have is substantially outweighed by the danger of unfair prejudice under Rule 403. During the pretrial conference on April 8, 2024, the United States explained that these images accompany a series of text messages sent to the Defendant, wherein an individual texts him "911" and "bring guns." With that context, the Court recognizes that these images are relevant to the Defendant's motive for possessing firearms. Nonetheless, the probative value of these images is minimal because they essentially duplicate the information conveyed in the accompanying text messages. In short, the images are cumulative of the text messages establishing Defendant's past firearm possession.

Further, the risk of unfair prejudice is substantial, as an image of gunshot wounds is likely to evoke strong emotions from a jury. *See United States v. Irving*, 665 F.3d 1184, 1213–14 (10th Cir. 2011) ("[e]vidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocen[c]e of the crime charged."). Thus, the Court excludes exhibits 8 a–b pursuant to Rule 403 as the minimal probative value of these images is substantially outweighed by the danger of unfair prejudice.

Finally, the United States seeks to admit statements made by Defendant in jail calls from December 10, 2022, to May 24, 2023. During the pretrial conference, Defense Counsel clarified that Defendant does not object to the admission of these jails calls under Fed. R. Evid. 801(d)(2). Consequently, the Court will admit these jail calls, consistent with the parties' positions, as statements of a party opponent.

## **CONCLUSION**

In brief, the United States' request for a pretrial ruling in its Rule 404(b) Notice (**Doc. 77**) is **GRANTED** with respect to Defendant's jail calls and evidence of Defendant's past drug-related activity and weapon possession. Accordingly, the Court will admit the jail calls and Exhibits 1–7 and 9 if the United States lays a proper foundation for this evidence. However, the United States' request to introduce images on the cell phone of an individual with gunshot wounds to the thigh (Exhibits 8 a–b) is **DENIED without prejudice** under Rule 403. The United States retains the right to offer Exhibits 8a–b if Defendant opens the door to these images.

**IT IS SO ORDERED.**

/s/
CHIEF UNITED STATES DISTRICT JUDGE