IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                      No. 1:23-CR-00032-WJ

**OCTAVIO JIMENEZ-MARQUEZ**,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING OPPOSED MOTION TO WITHDRAW AS COUNSEL

**THIS MATTER** is before the Court on Mr. Acton's Opposed Motion to Withdraw as Counsel (**Doc. 113**). In this Motion, Counsel for Defendant, Mr. Acton, seeks permission from the Court to withdraw from the case in accordance with Defendant Jimenez's wishes. Defendant Jimenez also asks the Court to appoint new counsel to his case. Trial is set to begin April 15, 2024, Defendant asked Mr. Acton to withdraw on April 11, 2024. After considering the parties' positions and arguments at the hearing on April 12, 2024, the Court finds that the Motion to Withdraw (**Doc. 113**) is not well-taken and is therefore **DENIED**.

## DISCUSSION

The Court analyzes this Motion to Withdraw as a request for new counsel because Mr. Acton explained in the motion that Defendant insisted that he withdraw from the case so the Court could appoint Defendant a new attorney. **Doc. 113**. After further inquiring into Defendant's reasons for requesting new counsel at the hearing on April 12, 2024, the Court finds that request for new counsel is a delay tactic and not supported by good cause. Moreover, when the Court inquired about Defendant's concerns over his counsel, Defendant commented to the effect that current

1

Defense Counsel did not do a good enough job of getting a more favorable plea offer from the United States. Whatever plea offer was made to the Defendant by the United States, it was rejected by Defendant, which is certainly his right to do so, but the failure of plea negotiations is not a valid basis for postponing trial or replacing Defense Counsel.

## I. Defendant's request for new counsel is a delay tactic.

The Court finds Defendant's request for new counsel is a delay tactic. Current Defense Counsel, Gregory Acton, has represented Defendant for around eight months, and only now, just days before trial commences, does Defendant insist Mr. Acton withdraw from the case. Moreover, this is not an isolated incident; it marks the third occasion in two years where Defendant insisted his attorney withdraw from the case. And with Phillip Sapien, Defendant's attorney before Mr. Acton, Defendant similarly sought new counsel shortly before trial was scheduled to commence. Such actions suggest a pattern of requesting new counsel as a means of delaying the legal process.

Also, as this Court explained during the hearing on April 12, 2024, this case presents three options: (1) the United States dismisses the case, (2) Defendant accepts a plea or pleads straight up to the Indictment, or (3) the parties proceed to trial. Since the United States is not going to dismiss the case, and Defendant knowingly and voluntarily rejected the United States' plea offers, the only remaining course of action is to proceed to trial. Thus, at this point in this case, the Court will not tolerate tactics aimed at delaying the inevitable, particularly when Mr. Acton is Defendant's third attorney, and the Court has other trial settings on its calendar in addition to the instant case. "The Supreme Court has long recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Holloway*, 826 F.3d 1237, 1241 (10th Cir. 2016) (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006)).

## II.     Defendant's request for new counsel is not supported by good cause.

Next, new counsel for Defendant is not warranted. Defendant is only entitled to new counsel if he establishes good cause. *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir.1987). To determine whether good cause exists, courts consider four factors.

1. The timeliness of Defendant's request;

2. The reasons for Defendant's request;

3. Whether the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense;

4. Whether the defendant substantially and unreasonably contributed to the breakdown in communications.

*See United States v. Williamson*, 859 F.3d 843, 860 (10th Cir. 2017) (citing *Romero v. Furlong*, 215 F.3d 1107, 1113 (10th Cir. 2000)). *See also United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005).

Beginning with the timeliness of Defendant's request, there is no question that Defendant's request is untimely. Defendant asked his attorney to withdraw just days before trial on April 15, 2024, and after the United States subpoenaed all its witnesses. *See United States v. Reyes*, 352 F.3d 511, 515 (1st Cir. 2003) (motion to withdraw filed one week before trial was untimely).

Further, at the hearing on April 12, 2024, the Court inquired into Defendant's reasons for his request for new counsel. Defendant explained that he is unhappy with Mr. Acton because he failed to (1) fully explain the United States' earlier plea offers to him and (2) negotiate a more favorable plea. Neither of these reasons establish good cause for Defendant's request for new counsel.

Defendant was well aware of the terms of the United States' prior plea offers and knowingly and voluntarily rejected those offers. Defendant participated in two Lafler/Fry hearings in this case – July 28, 2023, and April 5, 2024. Courts conduct Lafler/Frye hearings to establish the terms of

the plea offer, that the offer was communicated to the defendant, and that the defendant knowingly and voluntarily rejected the plea offer. *See United States v. Morgan*, 294 F. Supp. 3d 1218, 1226 (D.N.M. 2018) (Johnson, CJ.). In both Lafler/Frye hearings, the magistrate judge found that Defendant understood the terms of the plea offer and knowingly and voluntarily rejected such offer. In light of these Lafler/Fry hearings, Defendant's complaint that he was not fully informed by Mr. Acton of the United States' plea offers is just not credible.[1]

Moreover, the United States is under no obligation to extend a plea offer to Defendant, and neither Defense Counsel, the Court nor any other party can force the United States to offer Defendant a more favorable plea. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("[T]here is not constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial.") The decision to offer a plea is entirely a matter within prosecutorial discretion. *United States v. Contreras*, 108 F.3d 1255, 1272 (10th Cir. 1997). Consequently, Defendant's claim that he is dissatisfied with Mr. Acton because he failed to negotiate a more favorable plea does not establish good cause because the United States' choice to offer Defendant a more favorable plea is not something within Mr. Acton's control.[2]

Finally, there is no conflict nor total breakdown of communication between Defendant and Mr. Acton that would preclude an adequate defense. In fact, any minor breakdown in communication is attributable to the Defendant's actions, undermining any claim of good cause for new counsel. *See Williamson*, 859 F.3d at 860-61 (holding that the fourth factor—whether the defendant substantially and unreasonably contributed to the breakdown in communications—

---

[1] The Court is aware that the Lafler/Frye hearings took place, but it was not involved in any of the plea negotiations, nor does it have knowledge of the specifics of any plea offers.

[2] *See also United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000) ("[T]he successful negotiation of a plea agreement involves factors beyond the control of counsel, including the cooperation of his client. . . as well as the cooperation of the prosecutor, who has no obligation to offer such an agreement.")

5

weighed heavily against the defendant's request for new counsel). Consequently, Defendant's request for new counsel is not supported by good cause.

For the reasons outlined above, trial will begin as scheduled on April 15, 2024, and the Motion to Withdraw (**Doc. 113**) is **DENIED.**

**IT IS SO ORDERED**.

_____/s/_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE